| | |
|---|---|
| Bank Of America, N.A. | ) |
|    *Applicant* | ) |
|        v. | ) |
| Mark A. Schwartz | ) **Case No. 22-1764** |
| Wendy R. Schwartz | ) |
|    *Respondents* | ) |
| | ) |

## VERIFIED NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446
### (DIVERSITY)

**TO THE HONORABLE COURT:**

COMES NOW Plaintiffs, Yajia Hu Schwartz, ("Yajia") as Trustee of the Yajia Hu Schwartz Revocable Trust ("Yajia's Trust"), and Mark A. Schwartz, MD JD ("Mark"), Individually and as Trustee of the Axis Investments Holding Trust ("Mark's Trust"), and as counsel on their collective behalf, and hereby **removes** Civil Action No. 2022CV30120, captioned as *Bank of America, N.A v. Mark A. Schwartz and Wendy R. Schwartz,* from the District Court of Eagle County, Colorado ("State Court") to this United States District Court of Colorado ("Federal Court"), Case No. 22-1764 , pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for removal, affirm and verily state as follows:

### PROCEDURAL BACKGROUND

1.  On March 17, 2022, during the pendency of the Adams Contract, Bank of America ("BOA"), the first mortgage lien holder on the subject Property, through counsel, Ilene Dell'Acqua ("Dell'Acqua") and Holly Shilliday ("Shilliday"), recorded a Notice of Election and

Demand For Sale by Public Trustee with the Eagle County, Colorado Recorder of Deeds, as Document No. 202204403. ("Notice") (See USDC Case No. 22-Cv-00930D.7, Ex. I) [2] [3]

2. *Notwithstanding this representation, and without any subsequent conferral or communication with Plaintiff's Counsel:* On June 29, 2022, Dell'Acqua and Shilliday docketed a complaint ("Complaint") on behalf of Bank of America in the District Court for Eagle County, Colorado, ("State Court") Civil Action No. 2022CV30120, *Bank of America, N.A. v. Mark A. Schwartz and Wendy R. Schwartz*, claiming an interest in the Property, and seeking a Rule 210 Court Order authorizing the Public Trustee to sell the Property with a sale response deadline <u>not later than July **27**, 2022.</u>

---

[2] On March 23, 2022, Plaintiff's counsel informed BOA's counsel Dell'Acqua that the Property was under Contract and set to Close on April 4 and e-mailed her the Adams Contract, a March 16 payoff statement from her client, BOA, and copy of Sellers Title Commitment showing that BOA's mortgage would be satisfied at Closing.

[3] On June 16, 2022, Plaintiffs' counsel contacted BOA's counsel Dell'Acqua to Meet and Confer pursuant to Local Rule 7.1(a), seeking BOA's consent to Stay the Property's Sale <u>on July **20**, 2022</u>. In response, her co-counsel, Shilliday, responded on June 16, 2022, representing: "We are unable to <u>indefinitely postpone</u> the foreclosure sale with respect to the above-referenced matter. I can tell you the current foreclosure sale date will be postponed as <u>Bank of America, N.A. has not yet filed the Motion for Order Authorizing Sale with the court</u>."

3. The Complaint and documents filed in the State Court Case are attached hereto as **Exhibit A.**

4. Bank of America has not initiated any service in the State Court Case. [1]

5. As such, no Defendant has been served in the State Court Case. [2]

---

[1] Nor is the Yajia Hu Schwartz Revocable Trust, the record title owner of the Property, named as a party defendant in the State Court Case.

[2] Nor has Bank of America or either of its attorneys, advised or informed the undersigned counsel, the Record Title Owner of the Property, or any other Defendant named in the State Court Case of its docketing, pendency or July 27, 2020, deadline as of the date of the previous Verified Notice of removal on July 11, 2022 (USDC Case No. 22-Cv-00930 D.36)

6. *Federal Court Procedural Note*: The State Case was previously Removed to Federal Court on July 11, 2022, by Verified Notice of Removal directly into U.S.D.C 22-CV-00930 at D.34; that Notice of Removal was Withdrawn on July 14, 2022 (Id. at D.42) pursuant to the Order of Magistrate Judge S. Kato Crews dated July 14, 2022 (Id at D.39) and replaced with the instant Verified Notice of Removal to the United States District Court of Colorado in Case. No. 22-1764.

## THE JURISDICTIONAL REQUIREMENTS OF 28 U.S.C. § 1332 HAVE BEEN SATISFIED

7. Under 28 U.S.C. § 1332(a), the "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states."

8. Here, the United States District Court for the District of Colorado has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the Plaintiff and all of the defendants are completely diverse, and the amount in controversy exceeds $75,000.00.

9. Diversity of citizenship requires that each plaintiff be a domiciliary of a different state from each defendant. *See, e.g., Salt Lake Tribune Pub. Co., LLC v. AT&T Corporation*, F.3d 1081, 1096 (10th Cir. 2003). For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. *Crowley v. 1260 Glaze*, 710 F.2d 676, 678 (10th Cir.1983). *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006). Evidence of domicile includes "where a party receives mail." *See Alpine Bank v. Hubbell*, Case No. 05CV26, 2008 WL 4080003 (D.Colo. Sept. 2, 2008). Domicile, in the context of legal entities, is generally determined by where the entity is incorporated, registered, or has its principal place of business. *See, e.g.,*

*MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) courts permit the introduction of evidence extrinsic to the complaint in order to demonstrate that the requirements for diversity jurisdiction are met. See, e.g., *Nichols v. Golden Rule Ins. Co*., 2010 WL 1769742, (D. Colo. 2010). The record title owner of the Property, albeit not named or even identified as an interested party in the State Court Case, is a trust. According to *Americold Realty Trust v. Conagra Foods, Inc*., 577 U.S. 378, 383-84 (2016), the citizenship of a trust which is not considered a separate legal entity pursuant to state law (which is the default status of any trust) is the citizenship of its trustee(s).

10. **Here, the parties are completely diverse**.

11. Bank of America, N.A is an American multinational investment bank and financial services holding company headquartered in North Carolina with its principal place of business in North Carolina and is thus a citizen of **North Carolina.**

12. Yajia Hu Schwartz is a resident and citizen of Puerto Rico. She is also the Trustee of the Yajia Hu Schwartz Revocable Living Trust, an Illinois marital trust, formed in and governed by Illinois law. <u>Although Yajia's Trust is not named in the State Court Case, it is the Record Title Owner of the Subject Property</u>, and thus the <u>real party in interest</u> in the State Court Case.  Yajia's Trust is not separate legal entity. Yajia administers and manages her Trust in Puerto Rico out of her home in Puerto Rico where Yajia has been an official resident and Puerto Rico citizen since permanently relocating there with Mark and their son in 2015.  As such, Yajia's Trust's principal place of business is in Puerto Rico and is a resident and citizen of **Puerto Rico**.

13. Mark A. Schwartz is a resident and citizen of **Puerto Rico**.

14. Wendy R. Schwartz disclaimed all right, title, and interest to the Property on June 27, 2016, when she transferred her entire interest in the Property to Mark's Trust upon their divorce in June 2016. (Ex. B) As such, Wendy Schwartz has no right, title, or interest in the Property, these proceedings, or the outcome of the State Court Case. Notwithstanding, and for purposes of diversity jurisdiction, Wendy R. Schwartz is a resident and citizen of **Illinois.**

15. The Public Trustee's Office of Eagle County, Colorado is disregarded in this analysis as it is merely a nominal and formal party and not a party with any interest in the outcome of the State Court Case and controversy. See, *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") Notwithstanding, the Public Trustee's Office of Eagle County, Colorado it is a citizen of **Colorado** for purposes of diversity jurisdiction. See *Moor v. Alameda County*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes.").

16. In addition to the foregoing, the amount in controversy exceeds $75,000.00, as Bank Of America's State Court Complaint, attachments and averments therein contends that it is owed in excess of $659,776.76 and seeks to authorize the Eagle County Public Trustee to sell the subject Property which the Adams were under Contract to purchase for $3,860,000 (See USDC Case No. 22-Cv-00930 D.27. Ex. F) at the time Bank of America recorded its Notice of Election and Demand For Sale by Public Trustee with the Eagle County, Colorado Recorder of Deeds, as Document No. 202204403 on March 17, 2022.

17. Because plaintiffs and defendants are completely diverse and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction over this action pursuant to

28 U.S.C. § 1332.

## **THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 HAVE BEEN SATISFIED**

7.  <u>Removal to Proper Court</u>. This Court is part of the "district and division" embracing the place where this action was filed—District Court, County of Eagle County, Colorado. *See* 28 U.S.C. §§ 1441(a), 1446(a).

8.  <u>Consent of All Other Defendants</u>. No Defendant or Trustee of any Defendant has been served in the State Court Case. Nor has Yajia's Trust, the Record Title Owner of the Property, been named or served in the State Court Case. Nevertheless, all named Defendants named therein, as well as the Record Title Owner, the Yajia Hu Revocable Trust, and its Trustee Yajia Hu Schwartz, consent to removal. Consent of the Eagle County, Colorado Public Trustee is not required because it is a as a formal or unnecessary party is therefore disregarded in this analysis. See *Penson Financial Services, Inc. v. Golden Summit Investors Group, Ltd.*, 2012 WL 2680667, at 6 (N.D. Tex.) (recognizing an exception "to the 'rule of unanimity' for effecting removal where a defendant is merely a nominal, unnecessary or formal party-defendant")

9.  <u>Removal is Timely</u>. Removal is timely as there has been no service in the State Court Case. As such, the 30-day removal period never began to run 28 U.S.C. § 1446(b).

10. <u>Pleadings and Process</u>. The Complaint and documents filed in the State Court Case are hereto as **Exhibit A**. 28 U.S.C. § 1446(a). Plaintiffs have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice of Removal.

11. <u>Notice</u>. In compliance with 28 U.S.C. § 1446(d), Plaintiffs will promptly: (a) serve a Notice of Removal upon all adverse parties; and (b) file a copy of this Notice of Removal with the clerk of the State Court.

12. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  28 U.S.C. § 1446(a).

13. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and removal to this Court under 28 U.S.C. §§ 1441 and 1446 is proper.

WHEREFORE, this action should proceed in the United States District Court for the District of Colorado, Case no. 22-1764, as an action properly removed thereto.

Dated: July 15, 2022

Respectfully submitted,

By: <u>/s/ Mark A. Schwartz, Esq</u>

Mark A. Schwartz, Esq.  (Co Bar No. 38364)
Law Office of Mark A. Schwartz
425 Carr 693, Suite 1-381
Dorado, Puerto Rico 00646
maschwartz@tllgrp.com
(312) 810-2220

<u>VERIFICATION BY CERTIFICATION</u>

Under penalties of perjury, and Fed. R. Civ. P. 11, the undersigned, certifies that the statements set forth in the foregoing Notice Of Removal are true and correct, except as to matters therein stated to be on information and belief, and to such matters he certifies as aforesaid that he verily believes the same to be true.

/s/ Mark A. Schwartz, Esq

CERTIFICATE OF SERVICE

I hereby certify that I caused this Notice of Removal to be served electronically on this day of July 15, 2022.

/s/ Mark A. Schwartz, Esq